UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| M. by and through her parents and guardians MR. AND MRS. M., Plaintiff, | : : : : | |
| v. | : : | 3:05-cv-0177 (WWE) |
| STAMFORD BOARD OF EDUCATION, CITY OF STAMFORD B.T., individually MARIA FIORI, individually CRYSTAL FUTRELL, individually, Defendants. | : : : : : : | |

## MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff M. has filed a motion asking the Court to reconsider its order granting in part defendants' motion for summary judgment entered on July 7, 2008 (Doc. #138).

## FACTS

The underlying facts and the identities of the parties are set forth in the Court's July 7 order. On July 10, plaintiff filed the instant motion for reconsideration arguing that exhaustion of administrative remedies under the Individuals with Disabilities Education Act ("IDEA") should be excused in this case. For the reasons that follow, the Court will grant plaintiff's motion for reconsideration and, upon review, will adhere to its previous ruling dismissing Count I of plaintiff's complaint.

## DISCUSSION

A motion for reconsideration may be based solely upon "matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." Local R. Civ. Proc. 7(c)(1). Such a motion should be granted only where the Court has

1

overlooked facts or precedents which might have "materially influenced" the earlier decision. Park South Tenants Corp. v. 200 Cent. Park South Assocs. L.P., 754 F. Supp. 352, 354 (S.D.N.Y. 1991). The movant's burden is made weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

**I.      Exhaustion of Administrative Remedies**

The IDEA exhaustion provision provides that:

> Nothing in this title [20 U.S.C. §§ 1400 et seq.] shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973 [29 U.S.C. §§ 790 et seq.], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this part [20 U.S.C. §§ 1411 et seq.], the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this part [20 U.S.C. §§ 1411 et seq.].

20 U.S.C. § 1415(*l*). Generally, a plaintiff seeking any relief available under the IDEA must exhaust her administrative remedies. Certain exceptions do apply, however. Where a plaintiff claims a failure to implement an existing-IEP, she need not exhaust her administrative remedies. Additionally, where a plaintiff seeks relief that is not available under the IDEA, such as compensatory damages for injuries, exhaustion is excused. Finally, where exhaustion would be futile, such as where the student has died or the administrative process involves a non-neutral arbiter, exhaustion is also excused.

Plaintiff argues that the exhaustion requirement does not apply in this case because she has reached the age of twenty-one and has graduated from high school. Because she is no longer eligible for special educational services, monetary damages

2

are the only remedy that can make her whole. Resorting to administrative remedies, plaintiff argues, would be futile. In support of her argument, plaintiff notes dictum in Polera v. Bd. of Educ., 288 F.3d 478 (2d Cir. 2002), stating that where the exhaustion of administrative remedies would be futile, a plaintiff in an IDEA case need not do so, and cites to Covington v. Knox County. Sch. Dist., 205 F.3d 912 (6th Cir. 2000), where the court ruled that where a student had graduated from high school before filing suit and damages would be the only adequate remedy, the exhaustion requirement would be waived. Defendants counter that Polera stands for the proposition that the exception to the exhaustion requirement should not be allowed where the plaintiff has "sat" on a live claim until such time as any administrative remedy would be futile.

Count I of plaintiff's complaint has two elements. The first is that defendants failed to provide adequate supervision required to properly implement the Individualized Education Plan ("IEP") in effect for M. The second is that the IEP did not "address plaintiff student's need for self-protection skills" and that such omission caused plaintiff's physical and emotional injuries.

### A. Failure to Implement

As to the first element, where a school fails to provide proper supervision to implement an IEP, exhaustion of administrative remedies under the IDEA may be excused. Polera, 288 F.3d at 489. The Polera Court cautioned that this exception should only apply where the IEP is specific about what services should be implemented, not where the IEP did not address those services at all.

The IEP in this case, dated April 3, 2002, states that M. was to receive a special education teacher with regard to various academic subjects. This teacher role was not

the one contemplated by the appointment of defendant-Futrell. Rather, Futrell was assigned as an aide and to supervise plaintiff following an incident in November 2002 when two students accompanied plaintiff home after school. The decision to assign an aide was made jointly by plaintiff's parents, defendant Fiori and school psychologist Theresa Telesco, not through a Planning and Placement Team ("PPT") meeting. At the time of Futrell's appointment, no changes were made to plaintiff's IEP. Therefore, there can be no claim that defendants failed to appropriately implement the IEP insofar as plaintiff was not provided with sufficient supervision; no supervision was provided for in the IEP. Plaintiff's true complaint is for an insufficient IEP, which requires exhaustion of administrative remedies under Polera.

### B. Damages for Plaintiff's Past Physical and Emotional Injuries

Plaintiff also argues that she should be excused from exhausting her administrative remedies because she is seeking damages only for retrospective injuries and her IEP-based injuries issues have been resolved. She further contends that the IEP did not address her needs to develop self-protection skills. The crux of this claim is that resort to the administrative process is futile because it would have been unable to address plaintiff's injuries.

The Court of Appeals has previously held that exhaustion of administrative remedies should not be required where the administrative process is unable to remedy the alleged injury. Heldman v. Sobol, 962 F.2d 148, 159 (2d Cir. 1992). Whether the administrative process is able to remedy the injury must be viewed at the time of the injury, not when the suit was filed. See Polera, 288 F.3d at 490 (distinguishing Covington, 205 F.3d 912, on the grounds that administrative remedies were available at

4

time of injury).  This exhaustion requirement applies even when the plaintiff seeks monetary damages pursuant to section 1983.  Mrs. W. v. Tirozzi, 832 F.2d 748 (2d Cir. 1987).

Courts outside the Second Circuit have construed section 1415(*l*) as excusing exhaustion of administrative remedies where a plaintiff seeks damages under the IDEA and section 1983 and plaintiff's education-based injuries have been rectified.  This is because the IDEA does not provide for such relief.  See McCormick v. Waukegan Sch. Dist. # 60, 374 F.3d 564, 569 (7th Cir. 2004); Witte v. Clark County Sch. Dist., 197 F.3d 1271, 1275-76 (9th Cir. 1999); see also W.B. v. Matula, 67 F.3d 484 (3d Cir. 1995) (excusing exhaustion where relief was not available through the IDEA administrative process), abrogated on other grounds by A.W. v. Jersey City Pub. Sch., 486 F.3d 791 (3d Cir. 2007); cf. Padilla v. School Dist. No. 1, 233 F.3d 1268, 1275 (10th Cir. 2000) (affirming denial of dismissal of a claim under the Americans with Disabilities Act where plaintiff sought relief not available under the IDEA and therefore was not required to exhaust administrative remedies under the IDEA).

In Witte, the Court of Appeals for the Ninth Circuit ruled that exhaustion of administrative remedies was not required when the plaintiff sought only damages for physical injuries suffered at the hands of school officials because his IDEA-related injuries had been resolved through a consensual transfer to a different school.  He sought retrospective damages from school officials under the IDEA and section 1983.  The Court of Appeals, reversing the district court's dismissal, ruled that where a plaintiff seeks only retrospective compensatory damages for physical injuries, exhaustion is not required.  In McCormick, the Court of Appeals for the Tenth Circuit excused exhaustion

where the damages sought were to compensate the plaintiff for his emotional distress, noting that the plaintiff did not seek damages for ongoing emotional distress that could be rectified through the IDEA and plaintiff's injuries were "non-educational" in nature. 374 F.3d at 569.

In the instant case, plaintiff seeks damages for physical and emotional trauma and pain and suffering; she alleges that she will continue to suffer such trauma. Further, she asserts that such trauma will require counseling, therapy, additional supervision and care. Plaintiff's reply brief on the motion for reconsideration indicates that all relief sought under Count I is retrospective. Therefore, exhaustion of administration remedies is excused.

## II. Arguments from Original Summary Judgment Papers

In light of the Court excusing plaintiff's failure to exhaust her administrative remedies to the extent that she is seeking retrospective damages, it is necessary to examine the merits of defendants' initial arguments in support of summary judgment.

### A. Availability of Damages Under the IDEA and 42 U.S.C. § 1983

Defendants originally sought summary judgment on Count I on the grounds that there is no cause of action for damages under the IDEA. Defendants contended that Count I was in essence a "failure to protect" claim, damages for which theory are not available under the IDEA. In response, plaintiff argued that Second Circuit precedent clearly allows a cause of action under the IDEA and section 1983.

In her complaint, plaintiff alleges that damages are warranted because she suffered physical and emotional injuries at the hands of B.T. when defendants failed to

6

properly supervise and train Futrell.  In her opposition to summary judgment, however, plaintiff cites to cases where damages were warranted for a denial of a free appropriate public education ("FAPE") based on conduct by the school officials rather than a third party.  See, e.g., Smith v. Guilford Bd. of Educ., 226 Fed. Appx. 58 (2d Cir. 2007); Quackenbush v. Johnson City School Dist., 716 F.2d 141 (2d Cir. 1983); B.H. v. Southington Bd. of Educ., 273 F. Supp. 2d 194, 200-01 (D. Conn. 2003).

Plaintiff cites to no cases wherein a plaintiff was awarded damages under the IDEA and section 1983 against a school for the harms created by a third party.  In the cases cited earlier regarding exhaustion requirements for retrospective injuries – McCormick and Witte – the injuries were caused by the school or its employees. Because plaintiff can cite to no case and the Court can find no case awarding damages under the IDEA and section 1983 (rather than the Due Process Clause of the Fourteenth Amendment) for injuries caused by a third party, the Court cannot conclude that the IDEA and section 1983 permit an award of damages based upon the administrators' alleged failure to protect the student from injuries caused by another student.  Summary judgment is therefore appropriate for the defendants on this aspect of Count I.

### B. Availability of Damages for a Denial of Free Appropriate Public Education

Alternatively, plaintiff alleges that she was denied a FAPE by the failures of the school and its administrators and its professionals.  Such an argument would require exhaustion of administration remedies.  See B.H., 273 F. Supp. 2d at 200-01; Hope v. Cortines, 872 F. Supp. 14 (E.D.N.Y.), aff'd, 69 F.3d 687 (2d Cir. 1995).  This conclusion

7

is not affected by plaintiff's current age.  See Polera, 288 F.3d at 490.

At the time of the events of this case in February and May 2003, plaintiff was a sixteen-year old student in the tenth grade in the Stamford Public Schools.  Plaintiff's parents became aware of the alleged sexual assault on May 9, 2003 and subsequently filed this action on January 31, 2005.  At the commencement of this case, plaintiff was nineteen years old.  Plaintiff's father, in an affidavit submitted with the motion for reconsideration, avers that plaintiff reached the age of twenty-one on October 5, 2007 and graduated from Westhill High School on June 16, 2008.  Pursuant to section 10-76d(b) of the Connecticut General Statutes, plaintiff remained eligible for special educational services from defendants until she reached the age of twenty-one on October 5, 2007, more than two years after this case was initially filed.

At the commencement of this case, potential administrative remedies would not have been futile insofar as plaintiff remained eligible for special education services.  This remains true even though plaintiff seeks damages pursuant to section 1983 and the IDEA.  Upon reconsideration, dismissal remains appropriate as to Count I of plaintiff's complaint.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's motion for reconsideration (Doc. #139).  Upon review, the Court vacates its previous ruling regarding Count I of plaintiff's complaint (Doc. #138).  Pursuant to the instant ruling on reconsideration, however, Count I is hereby dismissed.  Plaintiff should amend her complaint, to the extent necessary, within ten days of this ruling.

Dated at Bridgeport, Connecticut, this 9th day of September, 2008.

                                            /s/
                                     Warren W. Eginton
                                     Senior United States District Judge